**UNITED STATES of America,
Appellee,**

v.

**Farook KHAN, Defendant–Appellant.**

No. 08–0635–cr.

United States Court of Appeals,
Second Circuit.

June 1, 2009.

Daniel A. Hochheiser, New York, NY, for Defendant–Appellant.

Paul D. Silver, Assistant United States Attorney, (Edward P. Grogan, Assistant United States Attorney, on the brief), for Andrew T. Baxter, Acting United States Attorney for the Northern District of New York, Albany, NY, for Appellee.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. PETER W. HALL, Circuit Judges and Hon. ROBERT W. SWEET, District Judge.[*]

## SUMMARY ORDER

Defendant–Appellant Farook Khan appeals from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*) convicting him of a single count of Aggravated Illegal Reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(1), following his guilty

[*] The Honorable Robert W. Sweet, of the United States District Court for the Southern District of New York, sitting by designation.

plea. Defendant claims: (1) that the Government improperly coerced him to enter a plea agreement and that the district court failed to fulfill its Rule 11 obligation to ensure that Defendant's plea was voluntary; and (2) that the district court's failure to inquire into the alleged conflict of Defendant's attorney requires automatic reversal of the conviction. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

■■ Defendant first implies that his plea was involuntary, arguing that it was the result of coercion by the Government.[1] "[T]he governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law...." *Oyague v. Artuz*, 393 F.3d 99, 104 (2d Cir.2004) (quoting *Marshall v. Lonberger*, 459 U.S. 422, 431, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983)). However, "the question of whether a plea of guilty has been entered voluntarily within the meaning of the Constitution is often a complex one that involves mixed questions of law and fact." *Id.* We give deference to the lower court's findings of fact, *see id.*, and examine questions of law *de novo*.

It is well established that "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." *United States v. Doe*, 537 F.3d 204, 211 (2d Cir.2008) (quoting *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)). " 'It does not follow, however, that all inducements for a defendant to plead guilty render either a plea or the consequent waiver of the right to trial by jury involuntary.' " *Id.* (citation omitted). " 'Voluntary' for purposes of entering a lawful plea to a criminal charge has never meant the absence of benefits influencing the defendant to plead." *Id.* (quoting *United States v. Marquez*, 909 F.2d 738, 742 (2d Cir.1990)). "Indeed, ... with regard to voluntariness, a guilty plea 'must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g., bribes).' " *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). The question is not whether the defendant's "decision reflected a wholly unrestrained will, but rather whether it constituted a deliberate, intelligent choice between available alternatives." *Id.* at 212 (quoting *Rosado v. Civiletti*, 621 F.2d 1179, 1191 (2d Cir.1980)).

Defendant testified under oath at his plea allocution that his guilty plea was knowing and voluntary. We have stated that "statements at a plea allocution carry a strong presumption of veracity." *Doe*,

1. Claiming that it would need to retain Defendant's seized funds to submit as evidence if Defendant's case went to trial, the Government asserted that it would not return the seized funds until after Defendant dated August 21, 2007, stated:

As I told you at our first meeting on June 18, 2007, since your client, Farook Khan, made post arrest statements that he did not intend to enter the United States, I was holding the cash as evidence of such intent (since he declared the money, using the alias Zaheer Abbas, on his way to gamble in a casino in the U.S.), and would be prepared to release the cash when it was no longer needed as evidence, viz., upon his plea of guilty. My letter of August 9, 2007[sic] confirmed that the money would be released upon his plea of guilty (although I did not feel it necessary to include in that letter that the reason it would be released was that it would no longer be needed as evidence). entered his guilty plea. The Government's letter to Defendant's Counsel

537 F.3d at 211 (citing *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Nor did Defendant ever make a motion to withdraw his plea or raise any objection to his plea until he filed his appeal. "[T]he timing of the defendant's [request] . . . severely undercuts his argument that he pleaded guilty involuntarily. Whereas a 'swift change of heart' may 'indicate [a] plea made in haste or confusion,'" *id.* (quoting *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) (internal citation omitted)), we find here that the fact that the defendant waited almost five months from the date of his plea before raising any objection "strongly supports . . . that his plea was entered voluntarily." *Id.* (reviewing district court determination that plea was voluntary, this Court found significant that defendant waited five months to file motion withdrawing plea). For these reasons, there is no basis on this record for us to determine that Defendant's plea was coerced or otherwise involuntary.

■ Defendant also contends that the district court failed to fulfill its Rule 11 obligation to ensure the voluntariness of Defendant's plea. *See* FED.R.CRIM.P. 11. This Court reviews for plain error an alleged Rule 11 error not raised in the district court. *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir.2006). Under the plain error standard, a defendant must demonstrate: (1) the existence of an error; (2) that the error was "plain"; and (3) that the error prejudicially affected the defendant's "substantial rights." *Id.* (citations omitted). "In order to demonstrate that a Rule 11 error affected his substantial rights, a defendant must show 'a reasonable probability that, but for the error, he would not have entered the plea.'" *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)). "In determining

whether the defendant has made such a showing, we consider, *inter alia*, 'any record evidence tending to show that a misunderstanding was inconsequential to a defendant's decision' to plead guilty, as well as the 'overall strength of the Government's case.'" *Id.* (quoting *Dominguez Benitez*, 542 U.S. at 84–85, 124 S.Ct. 2333). Additionally, "because relief on plain-error review is in the discretion of the reviewing court, a defendant has the further burden to persuade the court that the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation, internal quotation marks, and alteration omitted).

As noted above, we do not find Defendant's guilty plea was involuntary and, therefore, we find no error. And even assuming, *arguendo*, the district court had erred, Defendant has not shown "a reasonable probability that, but for [an] error, he would not have entered the plea." *Id.*

■ ■ Finally, Defendant argues that the district court's failure to inquire into the alleged conflict of Defendant's attorney requires automatic reversal. Ordinarily, this Court would review *de novo* whether a defendant has established a conflict of interest. *See United States v. O'Neil*, 118 F.3d 65, 71 (2d Cir.1997). It appears, however, that because Defendant's counsel withdrew his request to the district court for a status conference to resolve the potential conflict of interest issue and the district court then commenced the plea proceeding without addressing the issue, this Court must address the question in the first instance.

We have recognized that several types of conflicts may exist between a defendant and his or her attorney:

> *Per se* "conflicts . . . are so severe that they are deemed per se violations of the Sixth Amendment. Such violations are unwaivable and do not require a showing

that the defendant was prejudiced by his representation." [*United States v. Williams*, 372 F.3d 96, 102 (2d Cir. 2004)]. Actual conflicts "occur[ ] when the interests of a defendant and his attorney 'diverge with respect to a material factual or legal issue or to a course of action,'" *id.* (quoting [*United States v.] Schwarz*, 283 F.3d [76,] 91 [ (2d Cir. 2002) ] ), and violate the Sixth Amendment when counsel's representation of the client is "adversely affect[ed]" by the existence of the conflict. *Id.* (citing *United States v. Levy*, 25 F.3d 146, 152 (2d Cir.1994)). Potential conflicts exist "if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future,'" *id.* (quoting *United States v. Kliti*, 156 F.3d 150, 153 n. 3 (2d Cir.1998)), and violate the Sixth Amendment when they "prejudice . . . the defendant." *Id.*

*Ventry v. United States*, 539 F.3d 102, 111 (2d Cir.2008).

At most, Defendant's allegations raise the question of whether his attorney may have been subject to a potential conflict. But nothing in the record provides evidence of a conflict. For example, nothing in the record shows that the money seized at the border would not ultimately have been returned to Defendant, thereby allowing him to pay for his attorney either before or after trial should a trial have taken place. The conference with the district court originally scheduled to address the possible conflict was cancelled, and the plea proceeding went forward apparently without objection from Defendant.[2] And Defendant has made no effort to supplement the record to provide evidence of a conflict. Additionally, Defendant has not

demonstrated that he has suffered any prejudice as a result of any potential conflict.

Moreover, the Supreme Court has held that a "trial court's failure to inquire into a potential conflict of interest on the part of the defendant's attorney, about which the court knew or reasonably should have known, does not automatically require reversal of the conviction." *United States v. Blount*, 291 F.3d 201, 211 (2d Cir.2002) (citing *Mickens v. Taylor*, 535 U.S. 162, 172, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002)). Rather,

> The constitutional question must turn on whether trial counsel had a conflict of interest that hampered the representation, not on whether the trial judge should have been more assiduous in taking prophylactic measures. . . . As the Sixth Amendment guarantees the defendant the assistance of counsel, the infringement of that right must depend on a deficiency of the lawyer, not of the trial judge. There is no reason to presume this guarantee unfulfilled when the purported conflict has had no effect on the representation.

*Id.* at 212 (quoting *Mickens*, 535 U.S. at 179, 122 S.Ct. 1237 (Kennedy, J., concurring)). As noted above, even if Defendant could prove a potential conflict, he must also provide proof of prejudice to prevail, *Ventry*, 539 F.3d at 111, and Defendant has done neither.

For the reasons stated herein, we **AFFIRM** the judgment of the district court.

---

2. We take this opportunity to note, however, that given the tenor of the letter sent by Defendant's counsel to the district court and the Government prior to the plea proceedings, it would have been prudent for the Government to urge, or the court to make *sua sponte*, a specific inquiry into the existence of any potential conflict on the part of Defendant's counsel.